FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 16 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK MARAGH,

        Plaintiff,

- against -

THE CITY OF NEW YORK and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacities (the name John Doe being fictitious, as the true names are presently unknown),

        Defendants.

MEMORANDUM AND ORDER

11-CV-1748

**Appearances:**

For the Plaintiff:

    Gerald M. Cohen
    Joshua Fitch
    Cohen & Fitch LLP
    New York, NY

For the Defendants:

    Michael A. Cardozo
    Vicki B. Zgodny
    Corporation Counsel of the City of New York
    New York, NY

**JACK B. WEINSTEIN, Senior United States District Judge:**

Table of Contents
1. Introduction ................................................................................................................2
2. Facts and Procedural History .....................................................................................3
3. Law ............................................................................................................................5
   A. Summary Judgment Standard ........................................................................5
   B. Qualified Immunity ........................................................................................6
   C. Municipal Liability ........................................................................................7



4. Application of Law to Facts..........................................................................................9
    A. Liability of Individual Defendants.....................................................................9
    B. Liability of Municipal Defendant ....................................................................11
5. Conclusion ......................................................................................................................13

## 1. Introduction

The instant case presents a situation somewhat unusual in civil rights litigation. The individual defendants, police officers who arrested the plaintiff in February 2011—and who have not been named or served by the plaintiff—are entitled to qualified immunity with respect to the claims asserted against them. The municipal defendant, however, is not entitled to summary judgment at this time.

The case is almost unique. In this court, the practice is to proceed first with civil rights claims against police officers, and only if one if found liable does discovery, and a severed claim against a municipal defendant for its practices or policies pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), go forward. It is yet to be determined whether the municipal defendant is entitled to summary judgment on the merits; as noted below, that issue requires limited discovery.

Mark Maragh sued the City of New York and anonymous police officers employed by the City—who have not yet been named or served in this litigation—pursuant to 42 U.S.C. § 1983. Asserted were a variety of federal constitutional claims; also alleged were violations of New York law. The defendants have moved for summary judgment. For the reasons that follow, the motion for summary judgment is granted in part. Summary judgment is granted in favor of the individual defendants on all claims asserted against them on the basis of qualified immunity. Plaintiff's *Monell* claim will not be dismissed at this time; limited *Monell* discovery is necessary to determine whether summary judgment on this claim is appropriate. The City may

renew its summary judgment motion as to its own liability once limited discovery on the *Monell* claim, under the supervision of the magistrate judge, is completed.

## 2. Facts and Procedural History

Maragh was charged criminally with reckless driving in July 2010. *See* Complaint/Information with Attachments ("Criminal Compl.") 1, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Apr. 16, 2012), CM/ECF No. 38-2; N.Y. Veh. & Traf. L. § 1212. It was alleged in the criminal complaint that he had been drag racing in Brooklyn, almost causing an accident while doing so. *See* Criminal Compl. 2. Plaintiff was directed by summons to appear in criminal court in late September 2010. *See id.* at 1. He failed to appear as directed; in December 2010, a bench warrant was issued for his arrest. *See id.* at 3.

Just what happened next is not completely clear from the record. Maragh's opposition to defendants' motion for summary judgment states that he voluntarily appeared in court to clear the outstanding warrant on February 8, 2011, and that the warrant was vacated on that date. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl. Mem.") 2, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Apr. 16, 2012), CM/ECF No. 41. His deposition testimony is unclear regarding the status of the December 2010 warrant. *See* Dep. of Mark Maragh ("Pl. Dep.") 35-37, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Apr. 16, 2012), CM/ECF No. 38-1.

Maragh's papers submitted in opposition to defendants' motion for summary judgment also include a document bearing a stamp that reads "Warrant Vacated," *see* Criminal Compl. 5, and a transcript of the February 8 hearing. At that hearing, on February 8, 2011, the state-court judge presiding over Maragh's criminal case informed him that he should "be sure to be here on or at the adjournment day. There are two warrants, be here at 9:30." Tr. of Feb. 8, 2011

Criminal Court H'rg 2, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Apr. 16, 2012), CM/ECF No. 38-3. Maragh also on February 8 consented to an adjudication before a judicial hearing officer, *see* N.Y. Crim. Proc. Law § 350.20; the document that he signed to that effect does not, however, state its impact, if any, on any outstanding warrants. *See* Consent to Adjudication Before Judicial Hearing Officer, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Apr. 16, 2012), CM/ECF No. 38-4. Defendants' Rule 56.1 statement does not reference the events of February 8. *See* Defendant City of New York's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("Def. 56.1 Stmt."), Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Mar. 19, 2012), CM/ECF No. 31. At oral argument on the summary judgment motion, however, defendants contended that plaintiff's outstanding warrant was not in fact vacated on February 8. *See* Tr. of May 10, 2012 H'rg. No admissible evidence has been offered by defendants to support their position on this point.

The relevant details of the following evening, however—the night of February 9—are largely undisputed. Maragh, after picking his then-girlfriend up from school, drove to her apartment in Brooklyn and parked outside. *See* Pl. Dep. 17-20. (Whether he parked legally is in dispute, but that issue is not material to the present litigation. *Compare id.* at 19, *with* Def. 56.1 Stmt. ¶ 7.) The defendant police officers stopped their car behind plaintiff's; one of the officers exited the car, approached plaintiff, and asked for his license and registration. *See id.* ¶ 8. After a brief discussion, the documentation requested was provided. *See* Pl. Dep. 30-31, 34.

A search for warrants against plaintiff was then run on the police department's mobile warrant check computer system through a computer in the police vehicle. *See* Def. 56.1 Stmt. ¶ 9. Revealed was an outstanding warrant; its docket number corresponded with the action for which Maragh had appeared in court the preceding day. *See id.* ¶ 10. A cell phone call was then

placed by the officers to the police department's warrant squad to confirm that the warrant was still outstanding. The warrant squad informed the officers that it was. *See id.* ¶¶ 11-12. Plaintiff was then arrested, transported by the defendant officers to a Brooklyn precinct, and placed in a cell. *See id.* ¶ 14. Another warrant check was run in the station house, and the results of the initial search were confirmed. *See id.* ¶¶ 15-16.

Plaintiff appeared in criminal court the following evening, on February 10, having been detained for some twenty-four hours. *See id.* ¶ 18. Plaintiff's counsel moved to vacate the outstanding warrant, and for an adjournment in contemplation of dismissal. *See id.* ¶ 19; N.Y. Crim. Proc. Law § 170.55. Both motions were granted. *See* Def. 56.1 Stmt. ¶ 21.

Plaintiff commenced this action in April 2011, naming as defendants the City of New York and the anonymous arresting officers. *See* Complaint, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Apr. 11, 2011), CM/ECF No. 1. An amended complaint was filed several months later. *See* Amended Complaint ("Am. Compl."), Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Jul. 1, 2011), CM/ECF No. 4. Discovery as against the municipal defendant was stayed—subject to reopening on plaintiff's motion—until the case was resolved as against the individual defendants. *See* Order, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Feb. 29, 2012), CM/ECF No. 27.

The present motion for summary judgment was filed in March 2012. Sought is dismissal of all of Maragh's federal-law claims, including the *Monell* claim asserted against the City of New York; defendants ask the court to decline to exercise supplemental jurisdiction over plaintiff's state-law claims. Oral argument on the motion was heard on May 10, 2012.

## 3. Law

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see, e.g., Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999). Summary judgment is warranted when, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 247-50, 255.

The burden rests on the party seeking summary judgment to demonstrate the absence of a genuine issue of material fact. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). "Once a movant has demonstrated that no material facts are in dispute, the non-movant must set forth specific facts indicating a genuine issue for trial exists in order to avoid the granting of summary judgment." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996). This evidence may not consist of "mere conclusory allegations, speculation[,] or conjecture." *Id.*; *see also* Fed. R. Civ. P. 56(c).

### B. Qualified Immunity

"The qualified immunity doctrine protects government officials from suits seeking to impose personal liability for money damages based on unsettled rights or on conduct that was not objectively unreasonable, and reduces 'the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'" *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

A government official sued in an individual capacity is entitled to qualified immunity if the challenged actions were "objectively legally reasonable in light of the legal rules that were

6

clearly established at the time [they] w[ere] taken." *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 210 (2d Cir. 2002) (internal quotation marks, bracketing, and ellipses omitted).

The Court of Appeals for the Second Circuit has concluded that an arresting police officer ultimately found not to have probable cause for a challenged arrest is "still entitled to qualified immunity from a suit for damages if he can establish that there was 'arguable probable cause' to arrest. Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)). The "analytically distinct test for qualified immunity is more favorable to . . . officers than the one for probable cause; 'arguable probable cause' will suffice to confer qualified immunity for the arrest." *Escalera*, 361 F.3d at 743.

### C. Municipal Liability

"To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks and bracketing omitted). "A § 1983 claim against a municipality . . . cannot be sustained unless the plaintiff shows that the violation of [his] federal rights was the result of a municipal custom or policy." *Lore v. City of Syracuse*, 670 F.3d 127, 168 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Municipalities "are not liable on a *respondeat superior* theory . . . simply because an employee committed a tort. Section 1983 distinguishes acts of a *municipality* from acts of

7

*employees* of the municipality," and imposes liability only for the former. *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (internal quotation marks and citation omitted) (emphasis in original). A municipality may be held responsible, however, "if a violation of rights resulted from the 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Id.* (quoting *Monell*, 436 U.S. at 694). "When an official has final authority over significant matters involving the exercise of discretion, the choices he makes represent government policy. Because of this, municipal liability may be imposed for a single decision by municipal policymakers." *Id.* (internal quotation marks and citation omitted).

The "mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support such an inference." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks and bracketing omitted). A "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). "The inference that a policy existed may, however, be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges that police officers had used excessive force in violation of the complainants' civil rights." *Id.* (citation omitted).

A municipal policy supporting § 1983 liability "may be pronounced or tacit and reflected in either action or inaction. In the latter respect, a city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the

city itself to violate the Constitution." *Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir. 2011) (internal quotation marks omitted). "Consistent with this principle, where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Id.* (internal quotation marks omitted).

## 4. Application of Law to Facts

### A. Liability of Individual Defendants

Plaintiff has yet to serve a summons and complaint on either of the individual officers responsible for his arrest. His failure to do so would seem to require that his claims against them be dismissed without prejudice or that he be ordered to serve a summons and complaint upon them. *See* Fed. R. Civ. P. 4(m). Rule 4(m) of the Federal Rules of Civil Procedure states in relevant part that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or *on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.* But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

The Federal Rules of Civil Procedure, however, expressly provide that the defense of insufficient service of process is waived by a failure to raise it by motion pursuant to Rule 12 or by a failure to include it in a responsive pleading or an amendment. *See* Fed. R. Civ. P. 12(h)(B). There is some tension between Rule 4(m) and Rule 12(h), since the former seems to *require* dismissal or the provision of service after giving the plaintiff notice and an opportunity to be heard, while the latter contemplates the possibility of the waiver or forfeiture of what is
9

labeled a Rule 12 defense. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 193-95 (3d Cir. 1998).

Courts and commentators have "unanimously concluded that Rule 4(m) does not trump Rule 12(h) and that an objection that service is untimely under Rule 4(m) is subject to waiver by the defendant if not made in compliance with Rule 12." *Id.* at 196; *see also id.* at 195 (collecting cases from the courts of appeals); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 376 (3d ed. 2002).

Given the substantial weight of these authorities, and the fact that the defendants have not formally raised the insufficient service of process as a defense, *see* Defendant City of New York's Memorandum of Law in Support of Their Motion for Summary Judgment ("Def. Mem.") 8, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Mar. 19, 2012), CM/ECF No. 32, it is appropriate to address on the court's own initiative the substantive defenses available to the individual defendants. *Cf.* Fed. R. Civ. P. 1 (noting that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

The City contends on behalf of the individual officers that they are entitled to qualified immunity, since they acted in reasonable reliance on the results of their various electronic searches for outstanding warrants. *See* Def. Mem. 8-11. Maragh's best argument to the contrary is that the reliance on the searches on the officers' part was unreasonable, since, he contends, the December 2010 warrant for his arrest was vacated shortly before the arrest that precipitated the instant litigation.

The unnamed officer defendants are entitled to qualified immunity. Plaintiff's theory is essentially that the City's police department has unconstitutionally failed to update its warrant

10

database, which has led to illegal arrests predicated upon warrants that are no longer outstanding. *See* Am. Compl. ¶ 34. Unfortunately for plaintiff—and he has conceded the point—this theory tends to support the application of the qualified immunity doctrine with respect to the officers who effectuated those putatively unlawful arrests; a reasonable officer would have no reason not to rely on the results of his reasonably conducted searches of the police department's available warrant databases. *See* Letter of Joshua P. Fitch 2, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Feb. 22, 2012), CM/ECF No. 23 (noting that "discovery thus far has been illustrative of the fact that any individual officer will almost certainly be qualifiedly immune from any portion of the detention following the inquiry into the NYPD warrant database").

Given the results of their various electronic searches, it was objectively reasonable for the individual defendants to believe that probable cause existed for Maragh's arrest. *See Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). They are entitled to qualified immunity on all of the claims asserted against them as a result. Plaintiff agreed at oral argument that the arresting officers were entitled to the dismissal of the claims asserted against them on that basis.

Summary judgment is granted in favor of the individual defendants on plaintiff's federal-law and state-law claims. Further motion practice on behalf of the individual defendants is unwarranted.

### B. Liability of Municipal Defendant

Summary judgment is denied at this time on plaintiff's *Monell* claim against the City of New York. He has not yet had any discovery from the City. And assuming that, as defendants contend, the Rule 12(b)(6) standard applies here, his complaint pleads a "plausible" claim for relief. *See* Def. Mem. 12-13; Pl. Mem. 15-19 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also, e.g., Hayden v. Paterson*, 594 F.3d 150, 160-61 (2d Cir. 2010).

The amended complaint alleges that the City fails to update and maintain the police department's warrant database, resulting in the illegal arrest of many individuals, including plaintiff. *See* Am. Compl. ¶¶ 34-35. Given that plaintiff apparently *did* appear in court on February 8, 2011—and that fact is notably absent in the documents provided by the City, *see, e.g.*, Case Details Sheet, Maragh v. City of New York, No. 11-CV-1748 (E.D.N.Y. Mar. 19, 2012), CM/ECF No. 30-7—his claim to relief against the City is sufficient to survive what is essentially a Rule 12(b)(6) attack.

Summary judgment cannot be granted on the *Monell* claim, since the City has failed to supply any facts or evidence in support of its position. *See* Fed. R. Civ. P. 56(c). The City may renew its motion for summary judgment on this claim—the only one that remains in the case—after limited *Monell* discovery is completed. The City will be entitled to summary judgment if the undisputed facts show that its failure, if any, to update the warrant database, and to properly record warrants and provide for the searching of the database, was due to negligence. The Due Process Clause does not offer protection from negligent deprivations of liberty. *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986). City policymakers must have been at least deliberately indifferent to the violation of constitutional rights to allow for recovery pursuant to *Monell*. *See, e.g., Cash v. Cnty. of Erie*, 654 F.3d 324, 333-34 (2d Cir. 2011).

Plaintiff's other claims, based on putative violations of federal and state law, are dismissed as against the City. The claims for false arrest and false imprisonment, assault, battery, and the intentional infliction of emotional distress are all premised on actions taken by the individual defendants, and not on City policy. The City cannot, however, be held liable on a theory of *respondeat superior* or supervisory liability. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Cash*, 654 F.3d at 333.

Summary judgment is granted in favor of the City on plaintiff's negligence claims as well. *See* Am. Compl. ¶¶ 71-81. These claims provide no basis for relief. *See Batson-Kirk v. City of New York*, No. 07-CV-1950, 2009 WL 1505707, at *12-13 (E.D.N.Y. May 28, 2009).

The magistrate judge is respectfully requested to expedite and sharply limit discovery on plaintiff's *Monell* claim. Limited discovery is necessary on the issue of whether the City's design of its technology and protocols for notifying police of the existence of "live warrants" was sufficiently reasonable under the circumstances, given diffuse police activities, extensive judicial warrant-issuing power, and the exigencies of police work in general. Interrogatories, rather than depositions and large document demands, are to be favored.

## 5. Conclusion

Summary judgment is granted in favor of the individual defendants. Summary judgment is granted in favor of the City of New York on all claims except the alleged *Monell* violation. The City may renew its summary judgment motion on the *Monell* claim after discovery.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: May 11, 2012
Brooklyn, New York